## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:15-CV-6-GCM

| | |
|---|---|
| ALBERT HERBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| HORIZON COACH LINES, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court upon Defendant Horizon Coach Lines' Motion to Dismiss Plaintiff's Complaint. (Doc. No. 9.) Defendant asks the Court to dismiss Plaintiff Albert Herbert's Complaint pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction and also pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Albert Herbert filed this lawsuit on January 7, 2015, using the Western District's pre-printed complaint form, alleging that he was discriminated against based on his race, his sex, and his age. (Compl. at 3.) Plaintiff asserts that this discrimination resulted in general harassment and the termination of his employment with Defendant Horizon Coach Lines ("Horizon"). (*Id.*)

The Complaint illustrates several instances in which Plaintiff believes Horizon discriminated against him. He first says he experienced discrimination, "[b]ecause [I] speak up for myself. And [I] tell the [truth] about what [I] see [and] feel." (Compl. at 4.) Second, he alleges that "they only look at it [their] way, [and] they [were] only on the client side. Because the bus was [four] hours late getting to them." (*Id.*) Third, he claims "I [believe] they didn't

1

[give] me a fair chance. Because I did all they [asked] me to do." (*Id.*) Finally, Plaintiff alleges: "They left me on the bus with nowhere to go [and] rest while the bus was getting fixed or [while I was waiting] for another bus so [I] was tired." (*Id.*)

Prior to this lawsuit, Plaintiff filed a Charge of Discrimination with the EEOC on November 14, 2014 alleging only sex discrimination.[1] (Doc. No. 5 at 1.) The EEOC issued Plaintiff a right-to-sue letter on November 18, 2014. (Doc. No. 4.) In response to Plaintiff's lawsuit, Defendant filed a Motion to Dismiss on March 11, 2015 arguing a lack of subject matter jurisdiction and that the Complaint fails to state a claim. (Doc. No. 9.) On March 12, 2015, the Court sent Plaintiff a *Roseboro* notice informing him of his obligation to respond to Defendant's motion. (Doc. No. 11.) Plaintiff's deadline has passed, and this Court is now prepared to rule on this matter.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a case should be dismissed in the absence of subject matter jurisdiction, and "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999.) "Before a plaintiff has standing to file a suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *see also* 42 U.S.C. § 2000e-5(f)(1.) The scope of the federal lawsuit is limited by the contents of the EEOC charge. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Exhausting administrative remedies is a "jurisdictional prerequisite to adjudication in federal courts [and] a procedural prerequisite to bringing suit." *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 148 (4th Cir. 1999). Notably, when a plaintiff fails to exhaust his

---

[1] The Court may consider an EEOC charge without converting a motion to dismiss into one for summary judgment. *See Brown v. Inst. For Family Centered Servs.*, 394 F. Supp. 2d 724, 729 n.2 (M.D.N.C. 2005.)

administrative remedies concerning a Title VII claim, the federal court is deprived of subject matter jurisdiction over the claim. *Id.* Claims that fall outside the scope of the EEOC charge are procedurally barred. *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of a plaintiff's factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

Finally, a complaint filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers," and "is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* litigant must still plead "more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Horizon argues that this case should be dismissed for two reasons. First, the Court does not have subject matter jurisdiction over Mr. Herbert's claims of race and age discrimination. (Def.'s Mem. in Supp. of Mot. to Dismiss Pl.'s Compl., Doc. No. 10 at 3-5.) And second,

because all of Mr. Herbert's claims fall short of the pleading standard and must be dismissed for failing to state a claim. (*Id.*)

### A. Subject Matter Jurisdiction

This court does not have subject matter jurisdiction over Plaintiff's race and age discrimination claims because Plaintiff has not exhausted all of his administrative remedies. Before a plaintiff may file a lawsuit under Title VII, he must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1); 29 U.S.C. § 626 (d)(1). Additionally, The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit." *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954 (4th Cir. 1996); *see also Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) ("[P]laintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex.").

Here, Mr. Herbert's EEOC Charge of Discrimination only lists sex discrimination in both the checked boxes and in the narrative description; other forms of discrimination are absent. (*See* Doc. 5 at 1.) However, Plaintiff lists sex discrimination as well as age and race discrimination in his Complaint—new claims that were not brought in his EEOC Charge. (Compl. at 3.) Because Plaintiff introduced new claims in this lawsuit, he has failed to exhaust his administrative remedies for his alleged race and age discrimination claims and thus has not satisfied the jurisdictional prerequisites for these claims. Therefore, Plaintiff's Title VII claims for race and age discrimination will be dismissed for lack of subject matter jurisdiction.

**B. Failure to State a Claim**

Additionally, Plaintiff's Complaint does not plead sufficient facts to support his discrimination claims. The Complaint, when viewed holistically, appears to assert Title VII claims for discriminatory discharge on the basis of race, sex, and age, but the Complaint is devoid of any facts which might indicate discriminatory conduct by the Defendant.

Notably, Plaintiff's Complaint does not mention his own race, sex, or age—facts which are essential to determining whether Plaintiff is entitled to relief. (*See generally* Compl.) Instead, Plaintiff mentions several incidents that have no bearing on his race, sex, or age. First, the Complaint states that the alleged discrimination occurred "[b]ecause [I] speak up for myself. And [I] tell the [truth] about what [I] see [and] feel." (Compl. at 4.) Plaintiff does not explain to whom he allegedly spoke or what he allegedly spoke up about, and he gives no indication that these incidents involved a protected status. Second, he alleges that unidentified people ("they") "only look at it [their] way, [and] they [were] only on the client side. Because the bus was [four] hours late getting to them." (*Id.*) Plaintiff does not state who "they" are, and there is no indication that "they" discriminated against Plaintiff based on a protected status. Third, Plaintiff states: "I [believe] they didn't [give] me a fair chance. Because I did all they [asked] me to do." (*Id.*) Plaintiff again does not identify "them," and there is no indication that a protected status affected "their" treatment of Plaintiff or that discriminatory conduct occurred. Finally, Plaintiff states:

> As a driver the company [failed] to keep me [informed] about what was going on with this run. They left me on the bus with nowhere to go [and] rest while the bus was getting fixed or [while I was waiting] for another bus so [I] was tired. I started [driving]. And when other [drivers] do it nothing [happens] to them.

(*Id.*) Again, Plaintiff does not elaborate on the actions taken by Defendant in response to Plaintiff driving the bus or suggest that those actions were discriminatory in nature. The lack of

specificity in Plaintiff's Complaint fails to demonstrate any discriminatory conduct by Horizon or "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Therefore, Plaintiff's Title VII claims for race, sex, and age discrimination must be dismissed for failure to state a claim.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Horizon's Motion to Dismiss (Doc. No. 9) is **GRANTED**. The Clerk of Court is directed to send a copy of this order to the Plaintiff and to close this case.

**SO ORDERED.**

Signed: June 11, 2015

Graham C. Mullen
United States District Judge